UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| TIMOTHY MITCHELL, *et al.*, | ) )  ) |
| Plaintiffs, | ) ) ) Civil No. 5:25-cv-00066-GFVT |
| v. | ) ) **MEMORANDUM OPINION** |
| LOWE'S HOME CENTERS, LLC, *et al.*, | ) ) **&** ) **ORDER** |
| Defendants. | ) ) |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on Plaintiff Timothy Mitchell's Motion to Remand. [R. 6.] Mr. Mitchell filed this action after suffering an injury in Defendant Lowe's store. [R. 1-1 at 4.] The amount in controversy exceeds $75,000. [R. 1 at 6.] After Lowe's removed the case to federal court, Mr. Mitchell moved to remand. [R. 1; R. 6.] The issue before the court is whether Mitchell fraudulently joined Defendant George Shunarra to defeat diversity and prevent the removal of this action to federal court.

For the reasons stated below, the Plaintiff's Motion to Remand is GRANTED.

**I**

This action derives from a forklift accident that occurred at a Lowe's Home Improvement store on August 25, 2023.[1] [R. 1-1, at 4.] While shopping at the 2300 Grey Lag Way Lowe's store, a forklift carrying drywall struck Mitchell and pinned him against a flatbed truck which caused severe injury. *Id.* at 5. On July 30, 2024, Mitchell filed suit in Kentucky state court against four defendants: Lowe's Home Centers LLC, Lowe's Home Improvement LLC, Hyster-

---

[1] These allegations are taken from the Plaintiff's Complaint. [R.1-1].

Yale Materials Handling, Inc., George Shunnara, and an Unknown Forklift Operator. *Id.* at 2–4. At issue in the present motion is Defendant George Shunnara, who Mitchell named as the general store manager at the Lowe's on 2300 Grey Lag Way. *Id.* at 3.

Lowe's is a foreign limited liability company with its primary office in North Carolina. *Id.* at 2–3. Defendant Hyster-Yale Materials Handling, Inc., is a foreign corporation with its principal office in Ohio. *Id.* at 3. At the time of the filing, Mitchell did not know the citizenship of the Unknown Forklift Operator. Shunnara is a citizen of the Commonwealth of Kentucky. *Id.*

With the consent of Hyster-Yale Materials, Lowe's timely removed the action from Fayette Circuit Court in Fayette County, Kentucky to the United States District Court based on diversity jurisdiction. [R. 1.] In their notice of removal, Lowe's argued that "George Shunnara (a citizen of Kentucky) and the Unknown Forklift Driver (whose citizenship is undefined) were fraudulently joined due to Plaintiff's failure to timely commence a cause of action against them and because the complaint inaccurately portrays George Shunnara as the store manager of the subject location." *Id.* at 6.

The parties dispute whether Shunnara was the manager at the Grey Lag Way store on the date of the incident. Plaintiff Mitchell insists that Shunnara remained a manager of the store in some capacity. Mitchell stated that Shunnara's picture remained on the wall of the Grey Lag Way Lowe's store listing him as manager months after the incident and before the filing of the lawsuit. [R. 6-1 at 6.] Mitchell also has receipts from the Grey Lag Way Lowe's dated July 28, 2023, and July 17, 2023, naming Shunnara as the store manager.[2] [R. 6-4; R. 6-5.] Mitchell

---

[2] Notably, these dates are before the August 25, 2023 incident and *after* Mr. Shunnara's claimed final day as manager at the Grey Lag Way location. Mr. Shunnara's affidavit claims that his final day of employment at the Grey Lag Way store was on May 26, 2023. [R. 1-10.]

2

additionally raises the factual question of whether Shunnara could have been the manager at both stores during the period in question. [R. 6-1 at 7.]

Defendant Lowe's denies that Shunnara was the manager of the Grey Lag Way store on the date of the incident. [R. 1 at 8.] Lowe's argues that Shunnara "had relocated to a different Lowe's store in Richmond, Kentucky three months prior to the incident involving Plaintiff Mitchell." *Id.* at 10. In support of this contention, Lowe's offered an affidavit of Shunnara swearing that his last day of employment at the Grey Lag Way store was May 26, 2023. [R. 1-10.] Lowe's also offered two of Shunnara's pay stubs. The first pay stub lists Shunnara as the Store Manager at the Grey Lag Way location for the pay period of May 13, 2023 to May 26, 2023. [R. 1-11.] The second pay stub lists Shunnara as the Store Manager at the Richmond location for the pay period of May 27, 2023 to June 9, 2023. *Id.* Lowe's and Shunnara provided additional affidavits, including one signed by Tommy Raines. [R. 11-2.] Raines' affidavit states that he is the district manager for Lowe's stores, including the Grey Lag Way store at issue. *Id.* Raines' affidavit also claims that Shunnara was never the store manager for more than a single store at any one time and that one Jeremy Messer was the store manager for the Grey Lag Way store on August 25, 2023. *Id.* The defendants also provided a redacted performance review of Shunnara. [R. 11-3.] The performance review includes language that "[Shunnara] moved to [the Richmond store] 3 months into year" and that he "started year at [Grey Lag Way store] with a very successful first half making full sales and profit the 4 months in role there. Last 7 months working at [Richmond] my team and I have moved the store from a negative comp." *Id.* at 2, 5.

At the time of removal, Mitchell had not served Shunnara. After sparring between the parties over the question of whether Mitchell previously served Shunnara, this Court entered an order directing Mitchell to provide proof of service on Shunnara. [R. 19.] After further

3

confusion regarding the question of whether Shunnara had been served, the Court entered yet another order requesting that Mitchell show cause why the claims against Shunnara should not be dismissed for failure of service.[3]  On September 9, 2025, service was properly executed on Shunnara. [R. 31.]  Shunnara filed a motion to dismiss for failure to state a claim, arguing that the Court should dismiss the case against him because he was not the manager of the Grey Lag Way Lowe's on the date of the incident. [R. 32.]

## II

### A

A defendant may remove a civil action brought in state court to federal court if the action is one over which the federal court could have exercised original jurisdiction.  *See* 28 U.S.C. § 1441(a).  Federal courts have diversity jurisdiction over actions between parties that are citizens of different states when the amount in controversy exceeds $75,000.  *See* 28 U.S.C. § 1332(a).  Because federal courts are courts of limited jurisdiction, "the removal statute should be strictly construed," and any doubts should be resolved in favor of remanding the case to state court.  *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006).

Under the diversity-jurisdiction statute, there must be complete diversity such that no plaintiff is a citizen of the same state as *any* defendant.  *V&M Star, LP v. Centimark Corp.*, 596 F.3d 354, 355 (6th Cir. 2010).  In other words, if a single defendant is from the same state as the plaintiff, then the case does not belong in federal court.  The present dispute involves the doctrine of "fraudulent joinder," a canon that functions as a sort of exception to the complete diversity requirement.  *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999).  Under the

---

[3] Plaintiff Mitchell submitted a copy of a summons to George Shunnara which was delivered to another individual, Kyle Boggs, on April 7, 2025.  [R. 21.]  Defendant Lowe's noted that Plaintiff Mitchell could not demonstrate that personal service was effected on Shunnara and similarly could not show that Kyle Boggs was authorized to accept service on Shunnara's behalf.  Shunnara was properly served on September 2, 2025.  [R. 31.]

4

fraudulent joinder doctrine, federal courts can remove a non-diverse defendant from the case if the case against that non-diverse defendant is "so frivolous that its only conceivable purpose is to destroy diversity and prevent removal." *Murriel-Don Coal Co. v. Aspen Ins. UK Ltd.*, 790 F. Supp. 2d 590, 592 (E.D. Ky. 2011). All disputed questions of fact and any ambiguities in the governing state law are resolved in favor of the party seeking remand. *Coyne*, 183 F.3d at 493.

Lowe's bears a heavy burden in demonstrating fraudulent joinder. *Kent State Univ. Bd. of Trs. v. Lexington Ins. Co.*, 512 F. App'x 485, 489–90 (6th Cir. 2013). If Mitchell has even a "glimmer of hope," then the Court must remand the case back to the state court system. *Murriel-Don Coal Co.*, 790 F. Supp. 2d at 597. The Sixth Circuit requires the removing party to show that the case against the non-diverse defendant is frivolous by "establishing that the plaintiff has 'no colorable cause of action' against the non-diverse defendant." *Id.* at 594 (citing *Saginaw Hous. Comm'n v. Bannum, Inc.*, 576 F.3d 620, 624 (6th Cir. 2009)). The case remains in federal court only if the "claim is so frivolous that is has no hope of success" because such a finding begs the presumption that "the plaintiff made the claim for the sole purpose of preventing removal." *Id.*

**B**

The Court must evaluate whether Mitchell has a colorable cause of action against the non-diverse defendant, Shunnara. Mitchell brought two counts against Shunnara: first, for negligence; and second, for negligent hiring, supervision, entrustment, and/or retention. [R. 1-1 at 5–6, 8–9.] Mitchell contends that, alongside Lowe's, Shunnara was "at all times relevant hereto the principal and/or employer tasked with the hiring, training, supervision, and retention of its employees, staff, contractors, servants, and/or other agents, including Defendant Unknown Forklift Operator." [R. 1-1 at 8.] Mitchell charges that Shunnara, as the store manager, was

5

"negligent or reckless in permitting or failing to prevent the negligent or other tortious conduct by persons, whether or not their servants or agents, or with industrial equipment under their control." *Id.* Lowe's and Shunnara deny that Shunnara was the store manager at the time of the incident. [R. 1 at 8; R. 1-10.]

1

Before the Court turns to the whether Mitchell has a colorable cause of action against Shunnara, it must first address the chief issue raised by both sides in this case: whether Shunnara was the manager of the Grey Lag Way Lowe's location. Both parties provided evidence supporting their respective positions. In the complaint, Mitchell claimed that the Grey Lag Way location displayed Shunnara's photograph identifying him as the store's manager after the incident and before the initiation of this lawsuit. Shunnara and Lowe's proffered evidence in the form of affidavits, a purported performance review, and paystubs showing that Shunnara received pay for his work as the general manager at the Grey Lag Way location and at the Richmond location. Mitchell provided photographs of two receipts listing Shunnara as the Grey Lag Way store manager well past the time that Shunnara supposedly ceased working there.

This is a significant factual dispute. This Circuit and others are clear on the resolution of this question. The Court resolves all disputed questions of fact in favor of the party seeking remand, Plaintiff Timothy Mitchell. *Coyne*, 183 F.3d at 493. In *Walker v. Philip Morris USA, Inc.*, 443 F. App'x 946 (6th Cir. 2011), the Sixth Circuit reviewed a District Court's order denying the plaintiff's motion to remand on the basis of fraudulent joinder. *Id.* at 951. After analyzing the standard of review on a motion to remand where the defendant alleges fraudulent joinder, the Circuit Court concluded that two rules govern. *Id.* at 954. "First, even if the district court 'pierces the pleadings' to consider summary-judgment-type evidence (such as depositions,

affidavits, etc.), the proper standard for evaluating that evidence remains akin to that of a Rule 12(b)(6) motion to dismiss, and is arguably even more deferential. Second, any contested issues of fact must be construed in the plaintiff's favor." *Id.* The Circuit Court ruled that "the district court erroneously resolved factual controversies in favor of the non-moving parties" by denying the remand motion on the basis that the plaintiffs provided insufficient factual support to overcome the defendant' affidavits. *Id.*

The caselaw in our district requires district courts to resolve factual disputes in favor of the party moving for remand. This case is no different. There is a significant factual dispute over Shunnara's role at the Grey Lag Way store. Unlike the plaintiffs in *Walker*, Mitchell has provided some evidence that contradicts the affidavits, pay stubs, and performance review offered by Lowe's and Shunnara. Mitchell raised the possibility that Shunnara could have been the manager at two stores simultaneously. There has been little to no formal discovery in this case, particularly as to the question of Shunnara's role.[4] *Walker* provides insight to the Court. In deciding a motion to remand, "some piercing of the pleadings and factual presentation must be permitted if the court is to be informed of *undisputed* facts that undermine the well-pleaded claim that is otherwise colorable on its face." *Walker*, 443 F. App'x at 956 (emphasis added). But this piercing "is not intended to provide an opportunity to test the sufficiency of the factual support for a plaintiff's claim, as is done in a [summary judgment] motion." *Id.* This Circuit's controlling caselaw binds the Court to resolve this factual controversy in favor of Plaintiff Mitchell.

---

[4] Plaintiff Mitchell submitted a written interrogatory to Lowe's Home Centers, LLC, requesting the name, address, and employer of the Unknown Forklift Operator, which Lowe's answered. [R. 11-5.] Lowe's provided the name of the operator but refused to provide the address of the operator, claiming that the operator's address "is not relevant to the action" despite the Plaintiff's clear attempt to discover the identity of a heretofore unknown defendant for the purposes of the lawsuit. *Id.*

**2**

The Court turns next to whether Plaintiff Mitchell has a colorable cause of action against Shunnara. Lowe's argues that "even if Shunnara *was* the store manager, Plaintiff's claims against Shunnara (which consist of negligence, negligent entrustment, and negligent hiring, training, and supervision) cannot survive." [R. 11 at 7.]

"A common law negligence claim requires proof of (1) a duty owed by the defendant to the plaintiff, (2) breach of that duty, (3) injury to the plaintiff, and (4) legal causation between the defendant's breach and the plaintiff's injury." *Wright v. House of Imports, Inc.*, 381 S.W.3d 209, 213 (Ky. 2012). The disputed legal issue in this case is whether Shunnara, as the store manager, owed any kind of legal duty to Mitchell. The Court weighs whether Mitchell has a "glimmer of hope" that he could prevail against Shunnara on a negligence theory. Count I of Mitchell's complaint describes a premises liability argument, suggesting that the forklift represented a dangerous condition on the premises. [R. 1-1 at 5–6.] Count I further alleges negligent supervision and training, as does Count IV. *Id.* at 6, 8–9. As previously stated, any ambiguities in the governing state law are resolved in favor of the party seeking remand. *Coyne*, 183 F.3d at 493.

Lowe's first argues that the claim against Shunnara cannot survive because "this is not a premises liability case, and Shunnara has no vicarious liability for a subordinate's allegedly negligent driving." [R. 11 at 7.] Lowe's cites *Yanero v. Davis*, 65 S.W.3d 510 (Ky. 2001), for the proposition that a manager cannot be held liable for the torts of a subordinate. [R. 11 at 8.] Lowe's misreads the applicability of *Yanero* to the facts of this case. In *Yanero*, the plaintiff high school baseball player suffered an injury when a teammate struck him in the head with a thrown ball. *Yanero*, 65 S.W.3d at 517. Yanero sued the Jefferson County Board of Education, the

8

school's athletic director, two assistant coaches, and the Kentucky High School Athletic Association ("KHSAA"). *Id.* Yanero claimed that the Board and KHSAA were vicariously liable for the negligence of the athletic director and the two assistant coaches. *Id.* The Court held that *public* officers could not be held vicariously liable for the torts of their subordinates. *Id.* at 531 (emphasis added). The Court decided the case almost exclusively on sovereign immunity and qualified immunity grounds. *Id.* at 517–23. *Yanero* says nothing as to the vicarious liability of a private employer and their store managers.

It is not clear whether this case presents a premises liability action under Kentucky law. There are no reported cases in Kentucky addressing whether an employee's use of a vehicle or device, such as a forklift, presents a dangerous "condition on the land" needed to establish premises liability. Lowe's points to no controlling case addressing the question of whether Kentucky law would consider a forklift or other similar object a "condition on the land." In deciding a Motion to Remand, the Court is not prepared to find that this unsettled question of state law warrants a denial where the Court is bound to resolve all ambiguities in the governing state law in favor of the party seeking remand. Mitchell has a "'glimmer of hope' (however dim) for his claim" against Shunnara. *See Luther v. Lowe's Home Centers, LLC*, No. 5:20-CV-412-CHB, 2021 WL 1394462, at *8 (E.D. Ky. Apr. 13, 2021).

This analysis applies similarly to Mitchell's other negligence claims. Defendant Shunnara points the Court to the decision in *Grubb v. Smith*, 523 S.W.3d 409 (Ky. 2017).[5] The Court in *Grubb* addressed the issue of managerial liability in a trip-and-fall case where Plaintiff Grubb filed a personal injury suit against a Speedway convenience store, the store's owner, and Smith, the store's manager. *Id.* at 411. The Court deadlocked over the issue of managerial

---

[5] This citation derives from Shunnara's later-filed a Motion to Dismiss. [R. 32-1.]

liability. The plurality, authored by Justice Hughes, held that while "circumstances might exist in which a store manager could be deemed liable to a business invitee for the manager's failure to perform employment duties pertaining to the business premises, the store manager here, Smith, did not have sufficient control over Speedway's premises to incur that sort of liability." *Id.* at 427. Justice Hughes based her finding on a synthesis of Kentucky cases which "limit the agent's potential liability to situations in which the agent was in substantial control of the injury-causing object or condition." *Id.*

In a concurring opinion, Justice Venters disagreed with the plurality's approach to managerial liability. Justice Venters wrote that "the doctrine of *repondeat superior* assures that [the manager's] employer, Speedway, will remain jointly liable for the damages attributable to [the manager]'s failure to exercise reasonable care, but that does not negate [the manager]'s negligence, nor does it extinguish Grubb's right for whatever reason she chooses to assert her claim directly against [the manager], however distasteful it may seem." *Id.* at 431–32. Under Justice Venters' approach, a manager-employee with managerial control of the premises has some duty to eliminate a danger or to warn customers of the danger. *Id.* at 433. The Venters approach would require a court to examine the evidence to determine whether the employer placed managerial duties on the manager, identify what those duties were, and then decide whether the supervisory and possessory control of the premises imposed a duty on the manager. *Id.* at 434. In a separate concurrence, Justice Wright joined Justice Venters' opinion on store manager liability. *Id.* at 435.

The *Grubb* case is not a home run for the Defendants. Both approaches emphasize the importance of developing the factual record. Even in denying that Smith herself had managerial liability in *Grubb,* Justice Hughes emphasized that "circumstances might exist in which a store

10

manager could be deemed liable to a business invitee for the manager's failure to perform employment duties." *Id.* at 427.  Justice Venters likewise surmised that if a "corporate entity 'should have anticipated,' as noted in the lead opinion, a 'duly cautious pedestrian's' encounter with the pothole, it could do so only through the personal conduct of its employees on the premises." *Id.* at 432.  The next sentence in Justice Venters' separate opinion references evidence establishing the specific duties that Smith held as the store manager, suggesting the importance of developing the record on this point.  *Id.*

In this case, where the parties have conducted little to no substantive discovery, the Court is loathe to deny a remand where additional discovery would support any future analysis of Shunnara's managerial liability under *Grubb*.[6]  Where "Defendants point to no controlling cases prohibiting liability for managers" and "given the ambiguities left in Kentucky tort law after *Grubb* and the undeveloped record, Plaintiff[] ha[s] a 'glimmer of hope' (however dim) for [his] claim" against Shunnara.  *See Luther*, 2021 WL 1394462, at *8.  Under this Court's precedent, "if it is at least conceivable that the plaintiff could prevail, then it ends the fraudulent joinder inquiry." *Murriel-Don Coal Co.*, 790 F. Supp. 3d at 598.

### C

Having decided that Defendants have not met the stringent requirements for establishing fraudulent joinder, the Court turns to the final issue at this Motion to Remand stage — the issue of attorney's fees.  Plaintiff Mitchell argues that he is entitled to attorney's fees pursuant to 28

---

[6] In his Reply in Support of Motion to Remand, Mitchell points the Court to a factually similar state case involving a forklift accident with the same defendants.  [R-16 at 4.]  In Lowe's answer in that state action, Lowe's stated that its policies, procedures, and job descriptions are confidential.  [R. 16-1 at 5–8.]  This supports Mitchell's contention that additional discovery could reveal whether Shunnara owed a duty because of Lowe's store manager policies, practices, and requirements.

11

U.S.C. § 1447(c). [R. 6-1 at 11–12.] Defendant Lowe's argued in its Response that attorney's fees are not appropriate. [R. 11 at 12–13.]

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Supreme Court has held that the fee provision in the federal removal statute does not create a presumption in favor of awarding or denying fees of remand. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 138–39 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.* at 141.

Defendant Lowe's arguments in opposition to the Motion to Remand were reasonable. The position advanced by Lowe's is not a frivolous one. Even though these initial factual matters could have — and perhaps should have — been addressed by a motion to dismiss in the Fayette Circuit Court, Lowe's advanced a sound and appropriate argument.[7] This is not a case where an award of attorney's fees is justified.

### III

When attempting to establish fraudulent joinder and defeat a remand, the defendant faces a heavy burden. The defendant must establish that the plaintiff has no colorable basis for recovering against the fraudulently joined party. District Courts must examine the facts and law in the light most favorable to the plaintiff. This case involves at least one significant question of fact and several competing interpretations of state law. For the aforementioned reasons,

---

[7] While serving in the Eastern District of Kentucky, Judge Amul Thapar wrote that it may be desirable to allow state courts to determine whether claims against non-diverse defendants are valid before removing to federal court. *See Murriel-Don Coal Co.*, 790 F. Supp. 2d at 594–97.

Defendant Lowe's has not met their burden of establishing fraudulent joinder for the purpose of defeating Mitchell's Motion to Remand. Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED**:

1. Plaintiff's Motion to Remand **[R. 6]** is **GRANTED**;

2. Defendant Lowe's Home Centers, LLC's Motion to Dismiss **[R. 5]** is **DENIED as moot**;

3. Defendant Lowe's Home Improvement, LLC's Motion to Dismiss **[R. 15]** is **DENIED as moot**;

4. Defendant Shunnara's Motion to Dismiss **[R. 32]** is **DENIED as moot**;

5. Plaintiff Mitchell's Motion to Stay **[R. 35]** is **DENIED as moot**;

6. This case **WILL BE REMANDED** back to the Fayette Circuit Court;

7. This action is **STRICKEN** from the Court's docket.

This 20th day of October, 2025.

Gregory F. Van Tatenhove
United States District Judge